### SHULMAN v. STAR SUBURBAN REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. EQUITY—INJUNCTION—INJUNCTION PENDENTE LITE—AUTHORITY OF COURT TO ISSUE.

   Equity is justified in refusing to grant an order continuing pendente lite an injunction where the papers on the motion are so indefinite that it is difficult to arrive at the real merits of the controversy.

   [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 377.]

2. SAME — CORPORATIONS — DIRECTORS — REMOVAL—INJUNCTION—COMPLAINT— SUFFICIENCY.

   A complaint in a suit by a director of a corporation against the corporation and certain shareholders alleging that the defendant shareholders were about to remove plaintiff as a director; that they had called a meeting of shareholders for the election of a new board of directors; that the corporation had collected money from the shareholders, and that it had paid out money for an unlawful purpose to the injury of plaintiff, and for no benefit to the corporation, without alleging that the shareholders had no legal right to remove plaintiff and the other directors, and without alleging that the defendants were attempting to do anything unlawful with any of the property of the corporation, did not state facts sufficient to justify equity to restrain the corporation and its officers from removing plaintiff as a director, nor did it state facts within Code Civ. Proc. § 1781, authorizing actions against officers of a corporation for misconduct.

Appeal from Special Term.

Action by Abraham Shulman against the Star Suburban Realty Company and others. From an order continuing pendente lite an injunctional order restraining the defendant company, its officers, etc., from removing plaintiff as a director, defendants appeal. Reversed.

Argued before WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Benjamin Patterson, for appellants.

Maurice M. Greenstein, for respondent.

WOODWARD, J.  The learned court granting the motion from which this appeal is taken declares in a memorandum that "the papers presented on both sides are so indefinite and incomplete that it is difficult to arrive at the real merits of the controversy," and this, it seems to us, is a sufficient reason why a court of equity should refuse to grant the extraordinary remedy of injunction.  As we read the complaint and the affidavits submitted, it is difficult to see where the plaintiff is threatened with any such irreparable injury as to warrant interference. The complaint alleges as a grievance that certain of the defendants have "through and by virtue of a conspiracy formed by" them, "threatened to and are about to remove the board of directors of the said corporation from office, amongst whom is this plaintiff, that said board of directors were elected at a meeting held on October 6, 1905, to serve for the term of one year, expiring on the 6th day of October, 1906, and have actually called a meeting for the 19th day of January, 1906, whereby they request a meeting of all the shareholders for the election of a new board of directors, and they are about to carry their threat into execution, and remove this plaintiff, and his co-directors from office, without any charges.  The said plaintiff and his copartners being still in office, not having resigned therefrom."  There is no allegation that the stockholders have not the legal right to remove the plaintiff and other directors and to elect their successors without preferring charges against them, nor is there any suggestion that the meeting called for that purpose is not legally called; nor is there anything in the complaint to indicate that the plaintiff or any of the co-directors will suffer from the action of the shareholders in the choice of a new board of directors; the presumption must be to the contrary, for the equitable owners of the property of the corporation can hardly be expected to make a choice of directors who will be inimical to the welfare of the corporation or of its stockholders.

The only other allegation of a grievance is that:

"The said defendant corporation has collected moneys from the shareholders of the said corporation, which said moneys they are paying out without the order and direction of the board of directors, for a purpose unknown to the board of directors, and have called a meeting on January 19, 1906, on which an assessment of $6 is to be paid, so that $500 can be paid therefrom, for the purpose of which plaintiff does not know, and which as a director he is not informed of.. And he therefore alleges that the said payment is not made for a lawful purpose, but for an unlawful one, to the injury of the plaintiff, and his fellow shareholders, and for no benefit or interest to the said corporation."

The plaintiff does not tell the court how it happens that he is not informed of the purposes of any payments; so far as appears from the complaint he may never have attended a meeting of the board of directors or made any attempt to attend such meeting.  In fact, the more the fourth paragraph of the complaint, from which the above is excerpted, is read, the more difficult it appears to be to understand what the pleader has attempted to allege.  We are told that some one or somebody has "called a meeting on January 19, 1906, on which an assessment of $6 is to be paid, so that $500 can be paid therefrom, for the purpose of which plaintiff does not know."  What does this mean? An assessment of $6 on the meeting would not enable the defendants

to pay $500 therefrom "for the purpose of which plaintiff does not know," or for any other purpose, and there is nothing in the complaint to throw any light upon this subject. There is not an allegation that the defendants are attempting to do anything unlawful with any of the property of the corporation, so far as we are able to gather from the complaint; the only suggestion being that in reference to some alleged assessment, the purpose of which is unknown to the plaintiff, he "alleges that the said payment is not made for a lawful purpose, but for an unlawful one, to the injury of the plaintiff, and his fellow shareholders, and for no benefit or interest to the said corporation." It is not alleged that this money has been collected from the shareholders for the purposes of the corporation; it may have been collected from them for purposes entirely outside of the corporate objects, so far as we are informed from the pleadings, and the whole case is barren of that concise and clear statement of facts which is essential to good pleading, and which should exist before a court of equity assumes to interpose the strong arm of equity.

If the board of directors or other officers of a corporation misapply funds, there is a remedy under the provisions of section 1781 of the Code of Civil Procedure; but the facts attempted to be alleged in the case now before us do not bring the case within the provisions of this section, and we are of opinion that there is a failure to allege facts sufficient to constitute a cause of action.

The order appealed from should be reversed, with costs. All concur; GAYNOR, J., in result.